## HENRY PEYTON v. STATE.

No. A-3501—Opinion Fled Feb. 12, 1921.

(195 Pac. 151.)

(Syllabus.)

1.  **HOMICIDE—Manslaughter in First Degree—Evidence.** For evidence held sufficient to support a conviction of manslaughter in the first degree, and that the verdict was not the result of passion and prejudice on the part of the jury, see body of opinion.

2.  **CONTINUANCE—Refusal—Absent Witness.** Where an appli-

cation for a continuance is based upon the absence of a witness who was present and testified in a former trial of the case, and there is no showing of any reasonable probability of obtaining the presence of such witness at any subsequent term of court, nor facts stated in the application showing that the absent witness would testify differently at this trial than at the first trial, and the testimony of the absent witness given at the first trial is read as his deposition, no error prejudicial to the substantial rights of defendant was committed in overruling the motion for a continuance.

*Appeal from District Court, Cotton County;
Cham Jones, Judge.*

Henry Peyton was convicted of manslaughter in the first degree, and he appeals. Affirmed.

*J. F. Thomas* and *Louis Hunter,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Cotton county, wherein on the 10th day of July, 1918, the plaintiff in error, Henry Peyton, hereinafter designated defendant, was convicted of the crime of manslaughter in the first degree, and sentenced to serve a term **of** 18 years' imprisonment in the state penitentiary. From the judgment rendered against him, he has appealed to this court, and relies for a reversal on the grounds that the evidence is insufficient to sustain the conviction, that the verdict was the result of passion and prejudice on the part of the jury, and that the trial court erred in overruling his motion for a continuance.

Defendant, a negro man, was the father of a boy 13 years old. This boy on the morning of the day the homicide occurred, was sent by his mother to a hotel in the town of Temple to gather some washing for her. As the

boy entered the hotel and left with the washing, he wore his hat, and on leaving was accosted by a white man named Stone, and told that he should remove his hat on entering a house. According to the testimony of the state's witnesses, the boy replied, "No white man could make him take off his hat," whereupon Stone hit the boy in the mouth with his fist.

The boy went home and was crying, and on inquiry by his father and mother, told them that he had been struck by a white man because he forgot to take his hat off in the hotel. Defendant, accompanied by his wife, the mother of the boy, immediately drove over to the hotel in the same vehicle the boy had brought the washing. Upon arrival at the hotel, the mother of the boy got out of the buggy and went over to the house, and inquired of some women who were there who it was that had hit her boy. About this time Stone appeared on the scene, and told the woman that he had struck her boy, whereupon a fight and struggle ensued between Stone and the negro woman.

As soon as the fight started, defendant, Henry Peyton, jumped out of the buggy, and ran to where Stone was, and stabbed him with a knife. Stone ran around to the side of the hotel, and Peyton followed him for a short distance, then turned around, and walked to where deceased, Parrott, was standing (Parrott having come out of the hotel shortly after Stone), and also stabbed Parrott in the left breast with the knife. From the wounds so inflicted by defendant, Parrott died, after lingering for about a week.

The defense interposed was self-defense, defendant claiming that he and his wife had gone to the hotel merely for the purpose of finding out whether the boy had told them the truth about how he had received the injury to

his mouth, and that upon their arrival at the hotel both Stone and Parrott viciously assaulted defendant's wife, and that the use of the knife on his part was to protect her from the assaults of both Stone and Parrott. Defendant testified that he stabbed Parrott with the knife before he had stabbed Stone. The testimony of defendant and his wife is not corroborated by a single disinterested witness.

The transaction was witnessed by several persons, all of whom except defendant and his wife say that the de-ceased, Parrott, made no attack upon defendant's wife, and that at the time defendant stabbed him, he did nothing except to strike at defendant with his fist in order to avoid the attack defendant was making upon him at that time.

The testimony on the part of the state's witnesses conclusively shows that the defendant and his wife drove over to the hotel in an angry mood for the purpose of avenging the injury which had been inflicted on their boy a short time previous. A conviction of murder would have been justified under the evidence adduced by the state's witnesses. The claim of defendant that the assault made upon deceased was in defense of the wife finds no support in the testimony of any witness other than of defendant and his wife. Defendant was extremely fortunate that the jury only returned a verdict of guilty of manslaughter in the first degree. The contention that the verdict was the result of passion and prejudice on the part of the jury is wholly without merit.

The trial court was unusually favorable to defendant in the instructions given, and fully covered the theory of the defense in a very careful and painstaking manner, and so thoroughly presented the issue that defendant has made no complaint of the court's instructions.

The petition in error contains an assignment that the court erred in refusing to grant a continuance because of the absence of a material witness for defendant, but the brief filed contains no argument in support of this assignment. The application for a continuance was based upon the absence of one of the state's principal witnesses, R. L. Stone. The application for a continuance was properly overruled, because it was evidently made solely for the purpose of delay, and there was no showing of any reasonable probability of obtaining the presence of the witness at any subsequent term of court. Stone had already testified in a previous trial of the case as a witness for the state, and was at the time of this trial in the service of the United States army stationed at Camp Beauregard, Louisiana. Upon proper showing of these facts, the court permitted the testimony of the witness given at the former trial to be read as his deposition on this trial.

The statement contained in the affidavit of defendant for the continuance as to the matters and things witness Stone would testify to is not supported by the testimony of such witness given at the former trial, and the court was justified, having once had the witness in court, in overruling the application for a continuance because the same was clearly based upon erroneous statements of facts as to what the witness Stone would likely testify to. Defendant had no opportunity to talk with the witness Stone between the time of the first trial and the time the application for a continuance was presented. The witness Stone had been in the army during that time, and defendant had been confined in jail. Trial courts are not organized for the purpose of granting continuances merely for purposes of delay, but only in instances where the administration of justice reasonably requires them. There

is no merit, therefore, in the assignment that the court erred in overruling the motion for a continuance.

After a careful examination of the evidence, instructions of the court, the verdict, and the judgment, we are convinced that defendant had a fair and impartial trial, that the evidence clearly supports the verdict rendered, and that the sentence is not excessive. Defendant was fortunate in having the benefit of able counsel, who were at all times zealous in protecting his constitutional and statutory rights throughout the progress of the trial, and that a conviction for murder did not result is largely attributable to their untiring efforts in his behalf.

Judgment affirmed.

DOYLE, P. J., and BESSEY, J., concur.